United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON MANIER, et al.,

Plaintiffs,

v.

JUICE BEAUTY, INC.,

Defendant.

Case No. 18-cv-06834-RS

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION**

This is a putative class action filed in this Court under a contention that jurisdiction exists pursuant the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Among other prerequisites, jurisdiction under CAFA requires that the amount controversy exceed the sum or value $5,000,000.00, exclusive of interest and costs. § 1332(d)(2). Named plaintiffs Sharon Manier and Judith Rodriguez allege that defendant Juice Beauty, Inc. markets and sells a line of shampoo, conditioner, and hair mask products under the label "Repairing." Plaintiffs contend the products are falsely represented as having the capability to repair damaged hair, in a literal sense, beyond anything the products may actually do. *See* Complaint Para. 3 ("While the Products might create the temporary illusion that the user's hair has been repaired, this is indeed an illusion because nothing in the Product can mend damaged keratin proteins.") Plaintiffs assert claims under consumer protection statutes of each of the fifty states and the District of Columbia.

Juice Beauty moves to dismiss for lack of jurisdiction,[1] contending the amount in controversy does not meet the $5 million threshold. Juice Beauty offers evidence, not contested by plaintiffs and based on conservative assumptions, that from July 1, 2014, through October 31, 2018, the total amount consumers paid nationwide to purchase the products at issue was less than $1,541,390. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for May 9, 2019 is vacated.

In opposition to dismissal, plaintiffs insist the jurisdictional minimum can be satisfied because, they contend, California's Consumer Legal Remedies Act ("CLRA") provides for statutory damages of $1000 per violation. While plaintiffs go on to offer reasons they believe the jurisdictional minimum likely would be satisfied whether or not they can pursue a nationwide class under California law, all of their arguments turn on their assertion that the CLRA imposes statutory damages of up to $1000 per violation. It does not. Rather, California Civil Code section 1780(a)(1) provides that a consumer who suffers damages as a result of a violation of the CLRA may seek to recover "[a]ctual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000)." As observed in *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726, at *23 (N.D. Cal. June 13, 2014), that language sets the minimum for a total award of damages in a class action at $1,000; it does not provide for an statutory award of $1,000 per individual class member.

Nothing in the allegations or evidence suggests that the maximum damages per alleged violation, where each sale was in the range of $10 or less per unit, would result in a total amount in controversy anywhere remotely near the jurisdictional minimum, given the number of units of the products sold to consumers nationwide in the relevant time frame was under 160,000. Accordingly, the motion to dismiss for lack of jurisdiction must be granted. This ruling is without prejudice, of course, to any rights plaintiffs may have to proceed in one or more state courts.

---

[1] Juice Beauty also raises certain challenges to the adequacy of the pleading, in the alternative. In view of the conclusion of this order that jurisdiction is lacking, it would not be appropriate to reach those issues.

Dated: May 6, 2019

_____
RICHARD SEEBORG
United States District Judge